**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | |
|---|---|
| DIVERSE FACILITY SOLUTIONS, INC., <br><br> Plaintiff, <br> v. <br><br> DIVERSIFIED FACILITY SOLUTIONS, LLC, <br><br> Defendant. | Case No.: 1:26-cv-00453 <br><br> Judge: _____ <br><br> **JURY TRIAL DEMANDED** |

## <u>DIVERSE FACILITY SOLUTIONS, INC.'S COMPLAINT FOR</u>
## <u>TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION</u>

Plaintiff Diverse Facility Solutions, Inc. ("Plaintiff" or "DFS Inc."), by and through its undersigned counsel, hereby files this Complaint against Defendant Diversified Facility Solutions, LLC ("Defendant" or "DFS LLC"). In support of its Complaint, Plaintiff alleges and states as follows:

## <u>NATURE OF THE ACTION</u>

1.      Plaintiff brings this action for infringement of its federally registered trademarks in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114) and for unfair competition in violation of Section 43 of the Lanham Act (15 U.S.C. § 1125) and alleges that Defendant is liable for trademark infringement, unfair competition, and violations of the common laws of the State of Ohio by Defendant.

-1-

## PARTIES

2.      Plaintiff is a corporation organized and existing under the laws of Illinois, with its principal place of business at 12838 S. Cicero Avenue, Alsip, Illinois 60803. Plaintiff is the owner of U.S. Trademark Reg. No. 7819143 for the word mark "DIVERSE FACILITY SOLUTIONS" ("DFS Inc. Word Mark") for janitorial services and U.S. Trademark Reg. No. 4567615 for the design mark:



("DFS Inc. Design Mark") (collectively "DFS Inc. Marks") for professional facility services, namely janitorial services and maintenance of buildings.

3.      Upon information and belief, Defendant is a Delaware limited liability company that was initially organized and existed under the laws of the State of Ohio from 2006 to 2023. Defendant has a principal place of business located at 250 East 5th Street, 15th Floor, Cincinnati, Ohio 45202. Defendant offers and sells facility maintenance and janitorial services in connection with the word mark "DIVERSIFIED FACILITY SOLUTIONS" ("Accused Word Mark") and the design marks:

 and

("Accused Design Marks") (collectively "the Accused Marks").

## JURISDICTION AND VENUE

4.      This is an action arising under the United States Trademark Act (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, including 15 U.S.C. §§ 1114, 1116, 1117, and 1125.

5. This Court has original and subject matter jurisdiction under 15 U.S.C. §1121 as an action arising under section 39 of the Lanham Act; under 28 U.S.C. § 1331 as this action involves a federal question; under 28 U.S.C. § 1338(a) and (b) as this action arises under an Act of Congress relating to trademarks and unfair competition; and under 28 U.S.C. § 1332 as this action is between citizens of different States, and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. This Court has personal jurisdiction over Defendant because, *inter alia*, its principal place of business is located in Cincinnati, Ohio, and therefore Defendant is domiciled in the state of Ohio. Upon information and belief, Defendant has regularly solicited business or derived substantial revenue from services promoted, advertised, and/or sold within this District and expects its actions to have consequences in this District.

8. Furthermore, venue is proper in this judicial district under 28 U.S.C. § 1391(b) because, *inter alia*, Defendant is domiciled in the state of Ohio and resides in this District. Defendant advertises and sells its services under the Accused Marks in this District.

### FACTUAL BACKGROUND

9. Plaintiff is the owner of U.S. Trademark Registration No. 4567615 for the design mark  and U.S. Trademark Registration No. 7819143 for the word mark DIVERSE FACILITY SOLUTIONS. Plaintiff has provided professional facility services, including janitorial services and maintenance of buildings in International Class 037 since

at least as early as October 1, 2002. Plaintiff's sales, marketing, and advertising have been conducted via its website https://diversefacilitysolutions.com/ ("DFS Inc.'s Website"), requests for proposal ("RFPs"), marketing brochures, and social media pages that include Facebook and LinkedIn.

10.     A true and correct copy of Plaintiff's U.S. Trademark Registration No. 4567615 ("the '615 Registration") is attached hereto as Exhibit A. A true and correct copy of Plaintiff's U.S. Trademark Registration No. 7819143 ("the '143 Registration") is attached hereto as Exhibit B. The details are summarized in the following table:

| Application No. (Filing Date) | Registration No. (Registration Date) | Mark | Goods/Services | First Use Anywhere and in Commerce |
|---|---|---|---|---|
| 86128613 (11/25/2013) | 4567615 (07/15/2014) | **DFS** Diverse Facility Solutions (design mark) | **Int'l Class 037:** Professional facility services, namely, janitorial services and maintenance of buildings. | 10/01/2002 |
| 98947456 (01/09/2025) | 7819143 (06/03/2025) | DIVERSE FACILITY SOLUTIONS (word mark) | **Int'l Class 037:** Janitorial services. | 10/01/2002 |

11.     Each of Plaintiff's '615 Registration and '143 Registration is valid, in effect, and on the Principal Trademark Register.

12.     Plaintiff's '615 Registration is incontestable within the meaning of 15 U.S.C. § 1065. Accordingly, the '615 Registration constitutes conclusive evidence of: (i) Plaintiff's ownership of the DFS Inc. Design Mark; (ii) the validity of Plaintiff's DFS Inc. Design Mark; (iii) the validity of the registration of the DFS Inc. Design Mark; and (iv) Plaintiff's exclusive right to use the DFS Inc. Design Mark throughout the United States for, inter alia, professional facility services and janitorial services.

13. Through vision, dedication, and hard work for over twenty-three years, Plaintiff has built a successful business in connection with the DFS Inc. Design Mark and the DIVERSE FACILITY SOLUTIONS word mark. Plaintiff's relevant professional facility services and janitorial services associated with the DFS Inc. Design Mark and the DIVERSE FACILITY SOLUTIONS word mark are provided in numerous industries including at major educational institutions, airports and other transportation facilities, office buildings, event centers, parks and recreation infrastructure, healthcare buildings, municipalities and other facilities throughout the United States.

14. Plaintiff was named to Inc. 5000's "List of America's Fastest-Growing Private Companies" in the past.

15. Plaintiff has 60+ clients nationwide, including 11 airport terminals with 6 million square feet, and a total of 26 million square feet of contracted facilities across the United States.

16. Plaintiff is a Green Building Council member, is a member of International Sanitary Supply Association ("ISSA"), is certified by ISSA in the Cleaning Industry Management Standard ("CIMS") generally and also with respect to Green Building cleaning operations, and utilizes the CleanCheck training program from the Spartan Clean Training System.

17. Plaintiff's DFS Inc. Design Mark and DIVERSE FACILITY SOLUTIONS word mark have been continuously and consistently used in commerce since at least October 1, 2002, for each of the listed services in the '615 and '143 Registrations, and substantial goodwill has developed in association with Plaintiff's DFS Inc. Design Mark and DIVERSE FACILITY SOLUTIONS word mark as source identifiers of these services across the United States.

18. In addition to the '615 and '143 Registrations, Plaintiff owns common law rights in the DFS Inc. Design Mark and the DIVERSE FACILITY SOLUTIONS word mark, based on

continuous and exclusive use of these marks through the Diverse Facility Solutions website, RFPs, marketing brochures, and social media use, as well as selling of services under the DFS Inc. Design Mark and the DIVERSE FACILITY SOLUTIONS word mark since at least October 1, 2002.

**Defendant's Wrongful Conduct**

19. Plaintiff incorporated Diverse Facility Solutions, Inc. in Illinois on September 25, 2002, and first used the marks in commerce less than a week later on October 1, 2002. *See* Exhibit C, Office of the Secretary of State, Business Entity Search Entity Information, ilsos.gov (last visited April 20, 2026); Exhibit D, USPTO Trademark Status and Document Retrieval ("TSDR") status page for the '615 Registration; Exhibit E, USPTO TSDR status page for the '143 Registration.

20. Defendant filed its "Articles of Organization" with the Ohio Secretary of State on June 20, 2006, more than three and a half years after Plaintiff began using its marks in commerce. *See* Exhibit F, Ohio Secretary of State's Business Entity Records for Diversified Facility Solutions, LLC (last visited April 20, 2026); Exhibit G, State of Ohio Certificate of Receipt for Diversified Facility Solutions, LLC's Articles of Incorporation.

21. Upon information and belief, Defendant has not applied for or registered any trademarks for the Accused Word Mark DIVERSIFIED FACILITY SOLUTIONS or Defendant's Accused Design Marks at the U.S. Patent and Trademark Office.

22. Upon information and belief, Defendant offered and sold services for "Project Management, Construction Services and Technology services" in connection with the Accused Word Mark DIVERSIFIED FACILITY SOLUTIONS at least as of August 30, 2007, via the website www.dfscincy.com. *See* Exhibit H, Internet Archive WayBack Machine's Screen Captures dated August 30, 2007, and September 3, 2007, for www.dfscincy.com, (last visited Oct.

20, 2025).

23. Upon information and belief, Defendant began using the Accused Design Mark

 at least as of September 24, 2020. *See* Exhibit I, Internet Archive WayBack Machine's Screen Capture of www.dfscincy.com dated Sept. 24, 2020, with and without the timeline (last visited April 20, 2026).

24. Upon information and belief, Defendant converted to a foreign (Non-Ohio) Limited Liability Company in the state of Ohio with an effective date of March 17, 2023. *See* Exhibit J, DFS LLC's Registration of a Foreign Limited Liability Company.

25. Upon information and belief, Defendant incorporated in the state of Delaware on July 25, 2023. *See* Exhibit K, Dept. of State: Division of Corporations, Entity Details page, https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx (last visited April 20, 2026).

26. Upon information and belief, Defendant began offering facilities maintenance and janitorial services under the Accused Marks at least as of September 23, 2023, via the website www.dfscincy.com. *See* Exhibit L, Internet Archive WayBack Machine's Screen Capture of www.dfscincy.com dated Sept. 23, 2023 (last visited April 20, 2026).

27. Upon information and belief, at least as of November 16, 2024, Defendant began utilizing a second website that embodies the Accused Word Mark: www.diversifiedfacilitysolutions.com. *See* Exhibit M, Internet Archive WayBack Machine's Screen Captures of www.diversifiedfacilitysolutions.com dated November 16, 2024 (last visited April 20, 2026).

28. Upon information and belief, at least as of January 12, 2025, Defendant's website

www.dfscincy.com began redirecting web traffic to the second website www.diversifiedfacilitysolutions.com, as shown in the screenshot below.



*See* Exhibit N, Internet Archive WayBack Machine's Screen Capture of www.dfscincy.com dated January 12, 2025 (last visited April 20, 2026).

29. Upon information and belief, prior to November 16, 2024, the website www.diversifiedfacilitysolutions.com was used in connection with unrelated services for Utiliguard Power Quality Systems, and this website previously redirected web traffic to www.utiliguard.com between at least February 3, 2011, to at least December 17, 2014. *See* Exhibit O, Internet Archive WayBack Machine's Screen Captures of www.diversifiedfacilitysolutions.com dated Feb. 3, 2011, Dec. 17, 2014, and Aug. 1, 2015 (last visited October 24, 2025).

30. Upon information and belief, Defendant uses its Accused Word Mark DIVERSIFIED FACILITY SOLUTIONS and Accused Design Marks in connection with the same services in the same channels of trade as Plaintiff's DIVERSE FACILITY SOLUTIONS word mark and DFS Inc. Design Mark. *See* Exhibit P, Diversified Facility Solutions website, https://diversifiedfacilitysolutions.com/ (last visited April 20, 2026); Exhibit Q, Diverse Facility Solutions website, https://diversefacilitysolutions.com/ (last visited April 20, 2026).

**Overlapping Services, Channels of Trade, and Consumers**

31.     Plaintiff engages with customers in intrastate and interstate commerce through the DIVERSE FACILITY SOLUTIONS website, https://diversefacilitysolutions.com/ in association with the DFS Inc. Word Mark and DFS Inc. Design Mark for professional facility services, including janitorial services and maintenance of buildings. *See* Exhibit Q. DFS Inc.'s Website includes a link to "Contact" DFS Inc.'s team members through an electronic client information submission form, as well as standard "Contact Details" (i.e., headquarters address, directions, Texas regional office address, telephone number, fax number, and email addresses). *See* Exhibit R. Plaintiff also markets its services via social media, including Facebook and LinkedIn, and through RFPs. *See* Exhibit S.

32.     Defendant likewise engages with customers in intrastate and interstate commerce through the DIVERSIFIED FACILITY SOLUTIONS website, https://diversifiedfacilitysolutions.com/ ("DFS LLC's Website") for facilities maintenance and janitorial services in association with the Accused Marks and by using www.dfscincy.com to redirect customers to DFS LLC's Website. *See* Exhibits P and N. Defendant similarly markets its services via social media, including Facebook and LinkedIn. *See* Exhibit T.

33.     Plaintiff and Defendant both market and sell their facility services and janitorial services to the same consumers through the same channels of trade.

34.     For example, Plaintiff has had contracts to service Seattle-Tacoma International Airport since 2020, overseeing the International Terminal and Zone 1, and Defendant is also now servicing another zone of the same airport.

35.     As another example, the DFS logo was observed by Plaintiff's CEO, Mark Wright, on Defendant's employee in the Raleigh-Durham International Airport on December 27, 2025, as shown below.



36.     Defendant's use of the confusingly similar and nearly identical Accused Marks is spurious, unauthorized and infringing. Defendant's use of the Accused Marks for facilities maintenance and janitorial services is directed to the same customer base using marketing strategies that mirrored those of Plaintiff. Defendant's foregoing use of the Accused Marks has led to confusion in the minds of the consumers regarding the source of the services offered under the Accused Marks and has deceived consumers into believing that Defendant is the same as, affiliated with, sponsored by, licensed by or approved by, or otherwise connected with Plaintiff and

Plaintiff's services offered under the DIVERSE FACILITY SOLUTIONS word mark and DFS Inc. Design Mark.

## COUNT I
## TRADEMARK INFRINGEMENT
## UNDER THE LANHAM ACT IN VIOLATION OF 15 U.S.C. § 1114

37.     Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

38.     Plaintiff is the exclusive owner of the federally registered DFS Design Mark, Registration No. 4567615, which is a valid, inherently distinctive, and protectable trademark. Exhibit A.

39.     Plaintiff is also the exclusive owner of the federally registered DIVERSE FACILITY SOLUTIONS word mark, Registration No. 7819143, which is a valid, inherently distinctive, and protectable trademark. Exhibit B.

40.     Plaintiff's exclusive rights in and to each of the DFS Inc. Marks predate any rights that Defendant could establish in the Accused Marks or in any mark that consists of "DIVERSE FACILITY SOLUTIONS" and/or "DFS" in whole and/or in part.

41.     Plaintiff has used and continues to use the DFS Inc. Design Mark and the DIVERSE FACILITY SOLUTIONS word mark in connection with the sale, offering for sale, distribution, and advertising of professional facility services, including janitorial services and maintenance of buildings, in interstate commerce. Through Plaintiff's ongoing and continuous use of the DFS Inc. Design Mark and the DIVERSE FACILITY SOLUTIONS word mark, the DFS Inc. Design Mark and the DIVERSE FACILITY SOLUTIONS word mark have acquired further substantial distinctiveness and goodwill in the marketplace.

42. Plaintiff has invested substantial time, effort, and financial resources promoting its DFS Inc. Marks in connection with the marketing and sale of its services in interstate commerce. The DFS Inc. Marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality services, and its goodwill. The consuming public recognizes the DFS Inc. Design Mark and the DIVERSE FACILITY SOLUTIONS word mark and associates them with Plaintiff.

43. Notwithstanding Plaintiff's established rights in the DFS Inc. Design Mark and the DIVERSE FACILITY SOLUTIONS word mark, Defendant adopted and used the confusingly similar DIVERSIFIED FACILITY SOLUTIONS mark and DFS LLC Design Marks in interstate commerce in connection with the sale and offering for sale of services for Project Management, Construction Services, and Technology services at least as of August 30, 2007, and for facilities maintenance and janitorial services at least as of September 23, 2023. Exhibit H, Internet Archive WayBack Machine's Screen Captures dated August 30, 2007, and September 3, 2007 for www.dfscincy.com (last visited Oct. 20, 2025); Exhibit L, Internet Archive WayBack Machine's Screen Capture of www.dfscincy.com dated Sept. 23, 2023 (last visited April 20, 2026).

44. Defendant sells its facilities maintenance and janitorial services via the same trade channels, namely by advertising its services on its DIVERSIFIED FACILITY SOLUTIONS website www.diversifiedfacilitysolutions.com/ that is confusingly similar to Plaintiff's DIVERSE FACILITY SOLUTIONS website www.diversefacilitysolutions.com. Exhibits P and Q. Defendant has advertised its services under the Accused Marks on social media sites, including Facebook and LinkedIn. Exhibit T.

45. Defendant adopted the Accused Design Marks and DIVERSIFIED FACILITY SOLUTIONS word mark that are nearly identical to or substantially indistinguishable from the

Plaintiff's genuine DFS Inc. Design Mark and DIVERSE FACILITY SOLUTIONS word mark, and the Accused Marks are confusingly similar in sound, appearance, meaning, commercial impression, and connotation such that consumers would likely confuse the respective marks with the DFS Inc. Marks, or cause mistake or deception as to the origin, sponsorship or approval of Defendant's services.

46. "DIVERSE" and "DIVERSIFIED," as the first words of both the DIVERSE FACILITY SOLUTIONS word mark and the DIVERSIFIED FACILITY SOLUTIONS mark, respectively, are the dominant words in each mark and are therefore more likely to be perceived by customers as indicating the source of the services.

47. "DIVERSE" and "DIVERSIFIED" have a shared root word such that both begin with a common prefix "DIVERS" that shares 6 identical letters and shared dominant sound pattern (i.e., "DYE-vers") resulting in nearly identical sound, appearance, and connotation.

48. "FACILITY SOLUTIONS," as the second and third words of each of Plaintiff's DIVERSE FACILITY SOLUTIONS word mark and Defendant's DIVERSIFIED FACILITY SOLUTIONS mark are identical, resulting in an identical sound, appearance, and connotation.

49. As such, the overall commercial impression of Plaintiff's DIVERSE FACILITY SOLUTIONS word mark is the same as that of Defendant's DIVERSIFIED FACILITY SOLUTIONS word mark.

50. Further, Plaintiff's DIVERSE FACILITY SOLUTIONS word mark is a standard character mark that protects the wording itself regardless of how it is displayed and as such Defendant's use of DIVERSIFIED FACILITY SOLUTIONS in a stylized form in the Accused Design Marks constitutes an infringing use.

51. With respect to Plaintiff's DFS Inc. Design Mark, the mark consists of the stylized letters "DFS" with a triangle inside of the "D" and the stylized text "Diverse Facility Solutions" is arranged beneath the letters "DFS."

52. Defendant's Accused Design Marks each use stylized letters "DFS" overlaid on an oval and the stylized text "Diversified Facility Solutions" is arranged beneath the letters "DFS."

53. "DFS DIVERSE FACILITY SOLUTIONS" and "DFS DIVERSIFIED FACILITY SOLUTIONS" are the dominant portions of the DFS Inc. Design Mark and Accused Design Marks, respectively, as these words make a greater impression on consumers and consumers use these words to request the services.

54. The dominant nature of "DFS DIVERSE FACILITY SOLUTIONS" and "DFS DIVERSIFIED FACILITY SOLUTIONS" in the design marks is further supported by the size, placement, and font of the text as shown below in images of the DFS Inc. Design Mark and the Accused Design Marks. Specifically, the DFS acronyms are displayed in large font centered over "DIVERSE FACILITY SOLUTIONS" and "DIVERSIFIED FACILITY SOLUTIONS" displayed in smaller font in both the DFS Inc. Design Mark and the Accused Design Marks:

 



**DFS Inc. Design Mark**        **Accused Design Marks**

55. The dominant portions of the DFS Inc. Design Mark and the Accused Design Marks all have the same arrangement.

56.     The dominant portions of the DFS Inc. Design Mark and the Accused Design Marks all prominently display the acronym "DFS" that is identical in sound, connotation, and appearance.

57.     The dominant portions of the DFS Inc. Design Mark and the Accused Design Marks display "DIVERSE FACILITY SOLUTIONS" and "DIVERSIFIED FACILITY SOLUTIONS," respectively, and are nearly identical in sound, connotation, and appearance for the reasons recited in paragraphs 45-49.

58.     Thus, the DFS Inc. Design Mark and the Accused Design Marks leave the same overall commercial impression.

59.     Defendant's conduct demonstrates that it intentionally selected the Accused Marks and has used and continues to use them in a manner that is indistinguishable from the DFS Inc. Design Mark and the DIVERSE FACILITY SOLUTIONS word mark in such a way that tricks consumers into believing they are getting the services denoted by the registered DFS Inc. Design Mark and the DIVERSE FACILITY SOLUTIONS word mark, the associated brand, and the marks' substantial goodwill.

60.     Without Plaintiff's consent, Defendant has used the Accused Marks in connection with the sale, offering for sale, distribution, or advertising of its facilities maintenance and janitorial services.

61.     Defendant has engaged in its infringing activity despite having constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of Plaintiff's use of the DFS Inc. Design Mark and the DIVERSE FACILITY SOLUTIONS word mark.

62.     Defendant's actions are likely to mislead the public into concluding that their facilities maintenance and janitorial services originate with or are authorized by Plaintiff, which

will damage both Plaintiff and the public. Plaintiff has no control over the quality of services sold and provided by Defendant, and because of the source confusion caused by Defendant, Plaintiff has lost control over its valuable goodwill.

63. Upon information and belief, Defendant has advertised and offered its services for sale using the Accused Marks with the intention of misleading, deceiving, or confusing consumers as to the origin of its services and of trading on Plaintiff's reputation and goodwill. Defendant's use of the Accused Marks constitutes willful, deliberate, and intentional trademark infringement.

64. Upon information and belief, Defendant's use of the Accused Marks was done willfully and with knowledge that such use would and was likely to cause confusion and to deceive relevant consumers as to the origin of Defendant's services.

65. Defendant's unauthorized use of the Accused Marks in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused and is likely to continue to cause consumer confusion, mistake, or deception.

66. As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill and Defendant has unfairly acquired and will continue to unfairly acquire income, profits, and goodwill.

67. Defendant's acts of infringement will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## COUNT II
### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)(1)(A)

68.     Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

69.     As its second ground for relief, Plaintiff alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70.     Defendant's unauthorized marketing and sale of its services in interstate commerce using the Accused Marks constitutes use of a false designation of origin or false representation that wrongfully and falsely designates Defendant's services as originating from or connected with Plaintiff, and constitutes the use of false descriptions or representations in interstate commerce. The actions of Defendant as alleged herein constitute intentional, willful, knowing, and deliberate unfair competition.

71.     Defendant's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

72.     As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits, and goodwill, and Defendant has and will continue to unfairly acquire income, profits, and goodwill.

73.     Defendant's acts of unfair competition will cause further irreparable injury to Plaintiff if Defendant is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

**COUNT III**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**IN VIOLATION OF OHIO COMMON LAW**

74. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

75. As its third ground for relief, Plaintiff alleges common law trademark infringement and unfair competition in violation of Ohio common law, namely Ohio Revised Code § 1329.65.

76. Specifically, Defendant has and continues to promote and otherwise advertise, sell, offer for sale, and distribute services in the State of Ohio in connection with the Accused Marks that infringe Plaintiff's DFS Inc. Design Mark and DIVERSE FACILITY SOLUTIONS word mark.

77. Defendant also used and continues to use the Accused Marks to unfairly compete with Plaintiff. Defendant therefore has unfairly profited from the actions alleged.

78. Defendant's use of the Accused Marks in the State of Ohio in connection with its facilities maintenance and janitorial services is likely to cause, and has caused, confusion, mistake, and deception among the relevant purchasing public as to the source, origin or association between Plaintiff and Defendant and the parties' services in violation of the common law of the State of Ohio.

79. Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendant's actions.

80. As a direct and proximate result of Defendant's conduct, Plaintiff is entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendant from its infringing use of Plaintiff's DFS Inc. Design Mark and DIVERSE FACILITY SOLUTIONS word mark.

## COUNT IV
## VIOLATION OF OHIO DECEPTIVE TRADE PRACTICES ACT

81.     Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs of this Complaint as if fully set forth herein.

82.     As its fourth ground for relief, Plaintiff alleges trademark infringement and unfair competition in violation of the Ohio Deceptive Trade Practices Act.

83.     Defendant has willfully violated the Ohio Uniform Deceptive Trade Practices Act, Ohio Revised Code § 4165.02, by causing likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection, or association with Plaintiff.

84.     Upon information and belief, Defendant's acts of infringement have been committed with the intent to cause confusion and mistake and to deceive.

85.     Plaintiff has been and will continue to be damaged by Defendant's unlawful actions.

86.     Defendant's conduct and acts, as alleged above, will continue to cause irreparable harm to Plaintiff as to which is has no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands the following relief:

A.      Entering a judgment that Plaintiff's registered DFS Inc. Design Mark has been and continues to be infringed by Defendant in violation of 15 U.S.C. § 1114(1);

B.      Entering a judgment that Plaintiff's registered DIVERSE FACILITY SOLUTIONS word mark has been and continues to be infringed by Defendant in violation of 15 U.S.C. § 1114(1);

C.      Entering a judgment that Defendant's use of the Accused Marks constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

D.      Entering a judgment that Defendant's use of the Accused Marks constitutes common law trademark infringement and common law unfair competition under the laws of the State of Ohio;

E.      Permanently enjoining and restraining Defendant and each of its agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the Accused Marks, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute, or identify Defendant's services where that designation would create a likelihood of confusion, mistake, or deception with Plaintiff's DFS Inc. Design Mark and DIVERSE FACILITY SOLUTIONS word mark;

F.      Ordering Defendant to transfer ownership rights in any domain names that include the words DFS, DIVERSIFIED FACILITY SOLUTIONS, and/or DIVERSE FACILITY SOLUTIONS to Plaintiff;

G.      Pursuant to 15 U.S.C. § 1116(a), directing Defendant to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

H.      Pursuant to 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up and destroy all devices, prints, literature, signs, receptacles, advertising, labels, and other material in their possession bearing the infringing designations;

-21-

I.      Awarding Plaintiff the Defendant's profits and all damages sustained by the Plaintiff as a result of Defendant's acts of infringement and unfair competition; an accounting of said profits; together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

J.      A finding that this case is exceptional in accordance with 15 U.S.C. § 1117 in that Defendant adopted an infringing trademark having constructive notice of Plaintiff's registered trademarks and actual notice and therefore the Court should award Plaintiff treble damages;

K.      Awarding Plaintiff the costs of the action;

L.      Awarding Plaintiff its reasonable attorneys' fees incurred herein in view of Defendant's willful conduct; and

M.      Any such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: May 6, 2026

/s/ *April L. Besl*

April L. Besl (OH Bar # 0092542)
Liane H. Rousseau (OH Bar # 0093435)
Michael A. Xavier (OH Bar # 0097121)
Dinsmore & Shohl, LLP
255 E. Fifth St., Ste. 1900
Cincinnati, OH 45202
Ph: (513) 977-8200
Fax: (513) 977-8141
Email: april.besl@dinsmore.com
      liane.rousseau@dinsmore.com
      michael.xavier@dinsmore.com

Kirsten L. Thomson (IL Bar # 6293943)
thomson@growip.com (*pro hac vice application forthcoming*)
Andrea K. Orth (IL Bar # 6301900)
orth@growip.com (*pro hac vice application forthcoming*)
Marcus J. Thymian (IL Bar # 6256769)
thymian@growip.com (*pro hac vice application forthcoming*)
GROWIP LAW GROUP LLC
117 S. Cook St. #359
Barrington, IL 60010
Ph: (312) 761-1330
Fax: (734) 645-7350
Email: thomson@growip.com
      thymian@growip.com
      orth@growip.com

*Attorneys for Plaintiff*